### COLORED WORSTED MILL *vs.* LUCIA PERSECHINO.

JULY 31, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J.   This is an employer's petition under the workmen's compensation act, general laws 1938, chapter 300, to review a preliminary agreement entered into by the parties and approved by the director of labor.  Following a hearing in the superior court a decree was entered granting the prayers of the petition and from the entry of that decree the respondent, hereinafter referred to as the employee, duly prosecuted her appeal to this court.

It appears from the evidence that the employee sustained an injury on April 19, 1951 arising out of and in the course of her employment as a spinner in petitioner's mill.  At that time while walking around a frame she slipped on the floor and landed on her back striking her head as she fell.  She felt pain and became dizzy but was not unconscious.  She was taken to her home, was treated there by her physician, Dr. Louis J. Cella, and has not worked since that day.  In the signed preliminary agreement, dated May 1, 1951, which provided for payment of compensation for the duration of employee's incapacity, the nature and location of the injury is set out as "Contusion to back."  This is the agreement being reviewed under the present petition.  It is the petitioner's contention that the employee's incapacity for work has ended or diminished.  However, she maintains that she is still incapacitated.

The decree appealed from contains the following finding of fact and order:  "That the respondent is no longer either totally or partially incapacitated for work by reason of contusion to back.  In accordance with said finding of fact, it is hereby Ordered, Adjudged and Decreed that the petitioner be, and it hereby is, authorized to suspend forthwith the payment of Workmen's Compensation to the respondent as provided for in the preliminary agreement entered into between the parties."

The transcript shows that when the case came up for

32

hearing in the superior court the employee's attorney moved orally that she be allowed to amend the preliminary agreement in respect to the description of her injury so as to include other injuries not related to the one contained therein. The attorney for petitioner objected to such amendment. After argument on the point the trial justice ruled in substance that in the circumstances he did not have jurisdiction to permit the amendment, but that such question should first be passed on by the director of labor.

In our opinion this ruling was without error. In *Capobianco* v. *United Wire & Supply Corp.*, 77 R. I. 474, we had occasion to consider and determine the correct procedure to be followed under the pertinent statute when a party desires to amend a preliminary agreement. While the question of fraud and coercion was involved in that case and was not specifically raised in the instant record, the employee nevertheless relies on accident, mistake or unforeseen cause in respect to the description of her injury as set out in the preliminary agreement. In our opinion it is clear from the holding in the above-cited case that the procedure indicated therein as correct would also apply here.

After the above-mentioned ruling was made the employee's attorney moved that the case be passed. Following a brief discussion the trial justice directed that the hearing proceed, to which decision no further objection was made by such attorney. Thereafter both parties submitted at length medical testimony respecting the condition of the employee's back. In our judgment on the present record she takes nothing by the denial of her above motions.

The remaining question is whether the finding of fact in the decree is supported by legal evidence. If so, under the statute, G. L. 1938, chap. 300, art. III, §6, and our decisions in relation thereto, such finding is conclusive in the absence of fraud. The evidence as to the physical condition of the employee, who was a married woman about fifty-five years of age, was conflicting. She testified in substance that

because of the condition of her back due to her fall she was unable to do any work, not even her own housework. She complained in particular of pain and tenderness over what the doctors termed the sacrum and sacrococcygeal region.

Her physician Dr. Louis J. Cella, a general practitioner, testified in substance that her head injury had cleared up; that she had sustained a low back sprain which extended down to the lumbosacral region; and that her accident had lighted up a dormant arthritic condition which X rays show had existed in her spine. In his opinion she was still totally incapacitated. Doctor Ernest D. Thompson, an orthopedic specialist, examined the employee April 1, 1952 as an impartial examiner. He did not testify but by agreement his report was put in evidence as an exhibit. Under the heading "Conclusion" it contains among other things the following language: "I am inclined to believe that the evidences of disability that she presents are on an anxiety basis and not on a basis which is the result of trauma to the lower back itself. * * * Until further information is obtained I would consider this patient disabled at this time. As to whether or not this disability is the result of this accident I do not know."

Doctor Caroll M. Silver, also an orthopedic specialist, testified upon behalf of the petitioner that he had examined the employee on May 21, 1951 and on January 8, 1952. On the first date X rays were taken of the employee's back which showed moderate hypertrophic arthritic changes compatible with her age. There was some degree of osteoporosis of the entire lumbar spine, and fusion of the lumbosacral joints. Such conditions had existed for an appreciable time. Doctor Silver also testified that his diagnosis as of January 8, 1952 was that the employee had suffered a myofascial low back strain. In addition he testified as follows:

"Q. On January 8, 1952 did you form an opinion as to Mrs. Persechino's ability to work? A. Yes. Q. What was

your opinion? A. On that date I felt that this individual showed at the most a mild degree of disability of the lower back and it was even possible that there was no definite disability of the lower back at that time from an orthopedic standpoint, the entire picture possibly being one of a superimposed functional element and it was my opinion on January 8, 1952 that she was able to do work in her previous capacity as a spinner with the aid of the back laced corset which she was wearing at the time. Q. Is this opinion based on your two examinations and the X-rays? A. That is correct. Q. Doctor, this opinion on her ability to work, you considered the entire back situation as it existed on January 8, 1952? A. Yes. Q. And the diagnosis which you made. You feel she was not disabled because of the back strain? A. That is correct."

It is clear that the trial justice, in coming to his decision and in making the finding of fact embodied in the decree appealed from, accepted and relied on the evidence for the petitioner as presented by the testimony of Dr. Silver. There was therefore in the record legal evidence to support his finding which thus becomes conclusive, no fraud being alleged.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*John DiLibero,* for respondent.